IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BENJAMIN HINDS,

    Plaintiff,

v.                                                               No. CV 20-01011 MV/JFR

CAROLYN BARELA, NINA SISTER,
LT. SIFUENTEZ, SARGENT SILVA,
SARGENT TORRES, SARGENT ARAGON,
SARGENT OCONNER, OFFICER GARZA,
CO-NORIS, CO-OCONNER, CO-BACA,
CO-BACA, CO-RUPER, CO-VALASCO,
CO-RODREGEZ, CO-FARVA, CO-SANCHEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Amended Verified Civil Rights Complaint filed by Plaintiff Benjamin Hinds [Doc. 12], Defendants' 12(b)(6) Motion to Dismiss Plaintiff's Prisoner Civil Rights Complaint ("Motion to Dismiss") [Doc. 9], Plaintiff's Motion for Appointment of Counsel [Doc. 3], Plaintiff's Motion: for assistance of counsel [Doc. 6], Plaintiff's Motion: Default Judgment [Doc. 10], Plaintiff's Motion for 30 Day time Extension to Respond to Defendants 12(b)(6) Motion to Dismiss [Doc. 14], Plaintiff's Motion: for 30-day time extension to make payment [Doc. 19], and Plaintiff's Motion: Summary Judgment [Doc. 20]. Having reviewed the Amended Complaint under 28 U.S.C. § 1915A, the Court will grant Plaintiff's Motion: for 30-day time extension to make payment, deny the remaining motions, and allow the case to survive initial review.

1

I.        <u>Defendants' Motion to Dismiss and Section 1915A Screening</u>

On October 2, 2020, Plaintiff filed his Prisoner's Civil Rights Complaint. Doc. 1. ("Original Complaint"). Plaintiff named as Defendants Carolyn Barela, Nina Sister, and Otero County Detention Center ("OCDC") (collectively, the "Original Defendants"). *Id.* at 1. In his Original Complaint, Plaintiff alleged claims of cruel and unusual punishment, due process, deliberate indifference, negligence, and negligent supervision. *Id.* at 2-3.

On January 28, 20210, Original Defendants filed their Motion to Dismiss. Doc. 9. The Motion seeks dismissal of the Original Complaint on the grounds that OCDC is not an entity subject to suit under 42 U.S.C. § 1983 and that the Complaint fails to state a claim for relief against Barela and Sister. *Id.*

Rather than filing a response to the Motion to Dismiss, on February 19, 2021, Plaintiff filed his Amended Verified Civil Rights Complaint ("Amended Complaint"). Doc. 12. The Amended Complaint does not name OCDC as a defendant, thereby satisfying any concerns that OCDC is not a proper party to this case. The Amended Complaint again names Barela and Sister in addition to the following individuals as defendants: Lt. Sifuentez, Sargent Silva, Sargent Torres, Sargent Aragon, Sargent Oconner, Officer Garza, CO-Noris, CO-Oconner, CO-Baca, CO-Baca, CO-Ruper, CO-Valasco, CO-Rodregez, CO-Farva, and CO-Sanchez (collectively, the "Current Defendants"). Doc. 12 at 1. Plaintiff asserts three counts in the Amended Complaint, as follows:

> <u>Count I</u>. Negligence, negligent supervision, deliberate indifference by Defendants Barela, Sister, Sifuentez, Silva, aragon, torres, oconner, garza, noris, oconner, Baca, Baca, Ruper, Valasco, Rodregez, Farva, Sanchez
>
> <u>Count II</u>. cruel and unusual punishment of rights secured in the 14th amendment Due Process Clause By way of the 8th amendment.
>
> <u>Count III</u>. Deprivation of civil rights under 42 U.S.C. 1983 By Defendants Barela,

sister, sifuentez, silva torres, Aragon, oconner, garza, noris, oconner, Baca, Baca, Ruper, Valasco, Rodregez, farva and Sanchez under the Eighth and fourteenth Amendments.

*Id.* at 18-20. Plaintiff's claims arise out of his alleged placement in a "drycell" following a urine test administered when Plaintiff returned to OCDC after a furlough. *Id.* at 7. In his Prayer for Relief, Plaintiff requests:

> 1.) a Declaration that the acts and omissions described herein violated Plaintiff's rights under the constitutional and the laws of the united states.
> 2.) nominal damages of $1 Dollar.
> 3.) compensatory damages in the amount to be determined by Judge or Jury at trial.
> 4.) order all Defendants to pay compensatory damages, jointly, severally to each Defendant for any pain and suffering, physical injury, pain, and suffering resulting in emotional and psychological distress.
> 5.) order Defendants to pay reasonable attorney fees and any other legal costs for copies, filing fee ETC.
> 6.) order all defendant to pay Punitive Damages in the amount of $250,000.00 as Plaintiff's pain and suffering was the result of malicious intent or wanton that was easily preventable.

*Id.* at 22-23.

An amended complaint supersedes the original complaint and renders the original complaint of no legal effect. *See Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States,* 906 F.2d 1386, 1389 (10th Cir. 1990); *Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005). Thus, the Amended Complaint supersedes the Original Complaint, which thus is of no legal effect. Original Defendants' Motion to Dismiss thus is found as moot.

The Court has also completed screening of the Amended Complaint under 28 U.S.C. § 1915A and determines that the Amended Complaint facially states a claim under Section 1983 and is not subject to dismissal under § 1915A. Therefore, the Court will order Current

Defendants to answer the Amended Complaint and will direct the Clerk to issue notice of summons and waiver of service forms for the Current Defendants (other than Barela and Sister).

II.     Plaintiff's Motions for Appointment of Counsel

"Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). The decision to make this request is a matter of discretion. *See Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Factors guiding the Court's decision include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Considering these factors, and because there is no longer a *pro bono* panel of attorneys willing to take such cases, the Court will deny Plaintiffs' Motions to Appoint Counsel (Docs. 3, 6). Plaintiff may renew his request for counsel at a later time, if the case becomes more complicated or survives summary judgment.

III.    Plaintiff's Motion for Default Judgment

When a prisoner brings a civil action against government officials, the Court is obligated to screen the prisoner's complaint or petition. 28 U.S.C. § 1915A. Under § 1915A, the Court has discretion to dismiss a prisoner civil rights complaint *sua sponte* "if the complaint . . . is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b). The Court notified Plaintiff of its § 1915A screening obligation, and that requests for service of process, discovery, and submissions of proof are premature and unavailable prior to the Court's completion of this obligation. *See Jones v. Bock,* 549 U.S. 199, 213-214 (2007). Plaintiff's request for a default judgment, made prior to completion of the screening process. Now, given the Court's order that Current Defendants answer Plaintiff's Amended Complaint, Plaintiff's request for a default judgment, Doc. 10, is moot.

IV.    <u>Plaintiff's Motion for Extension of Time to Respond</u>

Because Original Defendants' Motion to Dismiss has been found as moot, there is no need for Plaintiff to respond thereto. Accordingly, Plaintiff's motion for an extension of time to respond to that motion, Doc. 14, will be found as moot.

V.    <u>Plaintiff's Motion for 30-Day Extension to Make Payment</u>

Plaintiff seeks an extension of time to make the partial payments required by the Court's March 22, 2021 Order, Doc. 17, granting Plaintiff leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Doc. 19. Plaintiff bases his request on a lack of financial resources. *Id.* at 1. The Court finds that Plaintiff has shown good cause for his request for an extension of time to make his payments and accordingly will grant his request.

The Court orders that, beginning December 1, 2021, Plaintiff will be required to resume the monthly partial fee payments of 20% of the preceding month's income credited to the account when the amount in his account exceeds $10. Only if the amount in his account exceeds $10 will Plaintiff be required to show cause why the designated payments should be excused or to seek a further extension of time to make the payment.

VI.    <u>Plaintiff's Motion for Summary Judgment</u>

Rule 56(a) of the Federal Rules of Civil Procedure provides that the Court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Plaintiff has not made a showing of the absence of a genuine dispute of material facts, nor has he established that he is entitled to judgment on his claims as a matter of law. Therefore, the Court will deny Plaintiff's Motion for Summary Judgment, Doc. 20.

**IT IS THEREFORE ORDERED that:**

(1)  Original Defendants' 12(b)(6) Motion to Dismiss Plaintiff's Prisoner Civil Rights Complaint (Doc. 9) is **FOUND AS MOOT**;

(2)  Plaintiff Hinds' Motion for Appointment of Counsel (Doc. 3) and Motion: for assistance of councel (Doc. 6) are **DENIED without prejudice**;

(3)  Plaintiff's Motion: Default Judgment (Doc. 10) is **FOUND AS MOOT**;

(4)  Plaintiff's Motion for 30 Day Time Extension to Respond to Defendants 12(b)(6) Motion to Dismiss (Doc. 14) is **FOUND AS MOOT**;

(5)  Plaintiff's Motion: for 30-day time extension to make payment (Doc. 19) is **GRANTED** and the time for Hinds to make payments is extended to December 1, 2021. Commencing December 1, 2021, Plaintiff Hinds will be required to make monthly partial filing fee payments of 20% of the preceding month's income credited to his inmate account when the amount in his account exceeds $10 or show cause why the designated payments should be excused;

(6) the Clerk is directed to issue notice and waiver of service forms, with copies of the Amended Complaint (Doc. 12), for Defendants Lt. Sifuentez, Sargent Silva, Sargent Torres, Sargent Aragon, Sargent Oconner, Officer Garza, CO-Noris, CO-Oconner, CO-Baca, CO-Baca, CO-Ruper, CO-Valasco, CO-Rodregez, CO-Farva, and CO-Sanchez, at Otero County Detention Center, 1958 Dr. M.L.K. Jr. Dr., Alamogordo, New Mexico 88310; and

(7)  Current Defendants are ordered to file an answer, other responsive pleading, or Rule 12 motion.  The deadline for so filing shall be (1) as to Barela and Sister, within 21 days after entry of this Memorandum Opinion and Order; and (2) as to Lt. Sifuentez, Sargent Silva, Sargent Torres, Sargent Aragon, Sargent Oconner, Officer Garza, CO-Noris, CO-Oconner, CO-Baca, CO-Baca, CO-Ruper, CO-Valasco, CO-Rodregez, CO-Farva, and CO-Sanchez, within 21 days after their receipt of notice and waiver of service forms.

_____
UNITED STATES DISTRICT JUDGE